UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-30051-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| REBA DALE MOODY | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a Motion for Modification or Reduction of Sentence Based upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Corollary Criminal History Category (Amendment 12) Which Effectively Lower's Petitioner's Term of Imprisonment ("Motion for Modification") [Doc. No. 37] filed by Defendant Reba Dale Moody ("Moody").

Moody was sentenced by this Court on August 20, 2007, to serve 120 months of incarceration for conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. [Doc. No. 34]. Moody now moves the Court to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2).

Title 18 U.S.C. § 3582(c) prohibits district courts from "modify[ing] a term of imprisonment once it has been imposed," except in the limited circumstances provided in 18 U.S.C. § 3582(c). Section 3582(c)(2) provides one such exception:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Moody argues that Amendment 12 to the Sentencing Guidelines, which changed the way in which criminal history points are calculated, should be applied retroactively to reduce her sentence. The Amendment to which Moody refers is actually Amendment 709. Amendment 709 was adopted by the Sentencing Commission and became effective November 1, 2007. This Amendment addresses the computation of criminal history scores in two areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences (previously called "related sentences") and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term. *See* 72 Fed. Reg. 28576. Amendment 12, however, was not listed as a retroactive amendment in U.S.S.G. § 1B1.10(c). Therefore, under the plain language of § 3582(c), the Court is not authorized to reduce her sentence based on this amendment because such a reduction would be inconsistent with Sentencing Commission policy.[1] *See United States v. Kliffmueller*. 328 Fed. App'x. 912, 913 (5th Cir. 2009) (finding that the district court properly denied a § 3582(c)(2) motion based on Amendment 709).

For these reasons, the Court finds that it has no authority to grant the relief Moody requests, and

IT IS ORDERED that her motion is DENIED.

MONROE, LOUISIANA, this 29th day of August, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Moody was sentenced to a statutory minimum sentence of 120 months, so it is unclear that the amendment would provide her relief, even if it were applied retroactively.